Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX   75242
(214) 767-1075

Erin Marie Schmidt,
Trial Attorney for the United States Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | |
| Pro-Crete Ready Mix, LLC, § | Case No.   20-43507-ELM-11 |
| § | |
| Debtor-in-Possession. § | Hearing Date:  Expedited Hearing |
| § | to be Requested |

**United States Trustee's Motion to Dismiss Case with Prejudice to Refiling for One Year under 11 U.S.C. §§ 1112(b)(1) and 349(b)**

TO THE HONORABLE EDWARD LEE MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 ("United States Trustee") moves to dismiss this case with prejudice to refiling for one year.  Debtor agrees to the requested relief. The United States Trustee would show:

**Summary**

Debtor's case should be dismissed with prejudice to refiling for three reasons. First, Debtor did not file this case in good faith. Second, there is no reasonable likelihood of reorganization while Debtor's estate continues to accrue administrative expenses. Third, Debtor has violated a court order. Debtor also agrees to the requested relief.

**Facts and Procedural History**

Background

1. On November 13, 2020, Pro-Crete Ready Mix, LLC ("Debtor") filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Texas, commencing case no. 20-43507-ELM-11.

2. Debtor is in the business of the sale and delivery of concrete to commercial and residential construction sites.

3. Debtor's principal place of business is located at 4500 Great Trinity Forest, Dallas, Texas 75216 ("4500 Great Trinity").

4. Debtor's business office is located at 120 W. Avenue K, Midlothian, Texas 76065 ("Midlothian Location").

5. Debtor's petition, schedules, and statement of financial affairs ("SOFA") were signed under penalty of perjury by Terry Daniel.

6. Mr. Daniel lives at the Midlothian Location with his wife, Apryl Daniel.

January 6, 2021 § 341 meeting of creditors

7. Mr. Daniel appeared and testified under oath at the January 6, 2021 § 341 meeting of creditors.

8. United States Trustee trial attorney Erin Schmidt continued the January 6, 2021 § 341 meeting until January 27, 2021 because of numerous omissions and inaccuracies in the schedules and SOFA.

9. These omissions and inaccuracies included:

    a. Omitting a leased cement mixer truck from Schedule A/B;

    b. Omitting Debtor's website from Schedule A/B;

  c. Omitting possible causes of action against Debtor's former CFT Teri Daniel and former equity owners Tom Barber and Brittney Ready from Schedule A/B;

  d. Omitting payments to Debtor's former equity holders on SOFA 4 and 30;

  e. Omitting the transfer of equipment back to Commercial Credit Group ("CCG") on SOFA 13;

  f. Omitting a Wells Fargo account that either Mr. Barber or Ms. Ready had set up in Debtor's name from SOFA 18;

  g. Omitting to list cement mixers and other vehicles stored on Debtor's property from SOFA 21;

  h. Omitting from SOFA 29 the names of any former officers, directors, or members who had held these positions in the year prior to the bankruptcy filing from SOFA 29.

10. Mr. Daniel admitted that even though the former CFO Teri Daniel may have stolen money from Debtor, he was not willing to sue Ms. Daniel because she is his daughter and mother of his nine year old granddaughter.

11. Mr. Daniel also testified at the § 341 meeting that Debtor was shut down from February 2020 through August 2020 because it did not have sufficient capital to operate.

12. Mr. Daniel blamed Debtor's lack of capital on the prior financial mismanagement by both its CFO and two former owners, and not COVID.

13. Mr. Daniel testified that he hired both Peggy's Bookkeeping Service and his wife Apryl to sort out Debtor's finances after her departure.

14. Debtor's finances remained unsorted as of the January 6, 2021 § 341 meeting.

Apryl Daniel's role in Present Case and other bankruptcies

15.     Mr. Daniel testified at the January 6, 2021 § 341 meeting that his wife Apryl Daniel has never been an owner of Debtor.

16.     SOFA 28 avers that Debtor is 90% owned by managing member Terry Daniel and 10% owned by member Stuary [sic] Mitchell.

17.     Apryl Daniel reported a 50% ownership interest in Debtor on the Schedule A/B filed in connection with her personal bankruptcy filed in the U.S. Bankruptcy Court for the Eastern District of Texas, Case No. 18-42850, on December 19, 2018. [18-42850, docket no. 1 at p. 13].

18.     Mr. Daniel could not explain at the January 6, 2021 § 341 meeting why Apryl Daniel disclosed this 50% interest on her personal bankruptcy schedules.

19.     Ms. Daniel signed Debtor's November 2020 operating report as its "responsible party." [docket no. 30].

20.     Apryl Daniel used to own another concrete business called C-N-T Redi Mix, LLC ("CNT Redi Mix"), which operated at Debtor's current location at 4500 Great Trinity.

21.     Ms. Daniel signed the petition, schedules, and SOFA for CNT Redi Mix's three prior bankruptcies, each filed in the U.S. Bankruptcy Court for the Northern District of Texas:

        a.     Case No. 16-30274-BJH-11 ("First CNT Case");

        b.     Case No. 17-34580-HDH-11 ("Second CNT Case"); and

        c.     Case No. 20-31408-MVL-7 ("Third CNT Case").

22.     CNT Redi Mix confirmed chapter 11 plans in the first two CNT Cases.

23.     These plans were not successful, which led to CNT Redi Mix filing a voluntary

chapter 7 petition in the Third CNT Case.

24. The Third CNT Case was closed as a no-asset case.

25. Mr. Daniel testified at the January 6, 2021 § 341 meeting that he did not own or operate CNT Redi Mix, which was entirely under his wife's control.

26. Mr. Daniel admitted at the January 6, 2021 § 341 meeting that former CFO Teri Daniel had served the same role with CNT Redi Mix.

27. One reason that CNT Redi Mix filed for bankruptcy was unpaid 941 taxes.

28. Debtor averred on Schedule E/F that it owed $150,000.00 to the IRS and listed Apryl Daniel as a co-debtor on this same debt on Schedule H.

Cash collateral and financial reporting issues

29. Debtor filed a motion to use cash collateral with a proposed budgeted projecting $250,000.00 in gross revenues. [docket no. 3-1].

30. On December 14, 2020, the bankruptcy court entered an agreed final order granting Debtor's motion to use cash collateral ("Cash Collateral Order"). [docket no. 26].

31. The Cash Collateral Order directed Debtor to turn over $9,484.71 in insurance proceeds to secured lender Commercial Credit Group, Inc. ("CCG") within five business days of order entry.

32. Mr. Daniel admitted at the January 6, 2021 § 341 meeting that Debtor had not yet paid the $9,484.71 to CCG.

33. Debtor's November 2020 operating report disclosed the following for the period November 13-30, 2020 [docket no. 30]:

    a. Gross revenue of $50,574.00;

      b.      Expenses of $67,159.25;

      c.      Negative cash flow of -$16,585.25; and

      d.      Negative cash of -$6,585.25 as of November 30, 2020.

34. The November 2020 operating report also indicated that Debtor had total outstanding payables of $13,136.00 as of November 30, 2020.

35. Mr. Daniel testified at the January 6, 2021 § 341 meeting that Debtor had been shut down for the past few weeks because of the holidays.

### Argument

<u>General discussion of burdens when dismissal is sought</u>

36. Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1).

37. If cause is established, the burden shifts to the Debtor to prove that it falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. *Id*. at § 1112(b)(2).

38. Cause exists to dismiss Debtor's case with prejudice to refiling for one year for the following reasons. First, Debtor did not file this case in good faith. Second, there is no reasonable likelihood of reorganization while Debtor's estate continues to accrue administrative expenses. Third, Debtor has violated a court order.

<u>Lack of Good Faith</u>

39. A lack of good faith in filing a Chapter 11 case may constitute cause for dismissal of the case under 11 U.S.C. §1112(b)(1). *See In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991). The Fifth Circuit observed that the Bankruptcy Code is "endowed

with requirements of good faith in the construction of many of its provisions," and "[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986).

40. This case has not been prosecuted in good faith. Debtor's schedules and SOFA contain numerous omissions and errors which require correction. Mr. Daniel signed the schedules and SOFA under penalty of perjury. Mr. Daniel also made misleading statements under oath at the January 6, 2021 § 341 meeting of creditors when he denied his wife Apryl's involvement in the Present Case even though 1) she was originally the 50% owner when the LLC was set up in December 2018 and 2) Debtor paid her $24,498.00 in the year before the filing of the bankruptcy. Furthermore, Apryl Daniel herself signed Debtor's November 2020 MOR as its "responsible party." Finally, while Mr. Daniel accuses his former CFO of stealing money from Debtor, he admitted at the January 6, 2021 § 341 meeting that he would not sue her because she is family. Debtor's refusal to do constitutes additional bad faith.

<u>No reasonable likelihood of reorganization</u>

41. Cause exists to dismiss this case because of "continuing loss to or diminution of the estate and the absence of a reasonable likelihood of reorganization." 11 U.S.C. § 1112(b)(4)(A). The November 2020 operating report indicated that, as of November 30, 2020, Debtor had negative $6,585.25 in cash and unpaid payables of $13,136.00. Debtor continues to accrue other administrative expenses, including UST quarterly fees and attorney's fees, so long as it remains in chapter 11. Furthermore, Debtor grossed only

$50,574.00 in the second half of November 2020 even though it anticipated grossing $250,000.00 per month in its proposed cash collateral budget. Given that Debtor was also shut down for part of December, its business does not appear viable.

Failure to obey court order

42. The bankruptcy court's Cash Collateral Order directed Debtor to pay $9,484.71 to CCG. Debtor still has not complied with this Order, which constitutes additional cause for dismissal under § 1112(b)(4)(E).

Cause exists to dismiss case with prejudice

43. Debtor's failures to comply with the requirements of chapter 11 constitute an abuse of the bankruptcy process. *Cf. In re Nahat*, 315 B.R. 368, 375 (Bankr. N.D. Tex. 2004) (citing *In re Casse*, 198 F.3d 327 (2nd Cir. 1999)). Accordingly, the United States Trustee requests that the Court dismiss this case with prejudice to refiling for one year from entry of an order dismissing the case. *See, e.g., In re Casse*, 198 F.3d 327, 339 (2nd Cir. 1999) (finding that 11 U.S.C. §§ 105(a) and 349(a) give the bankruptcy court power to prohibit a serial filer from filing petitions for periods of time exceeding 180 days).

## Conclusion

For these reasons, the United States Trustee respectfully requests that the Court enter an order dismissing this case with prejudice to refiling for one year and granting any further relief as appropriate.

Dated: January 20, 2021                                    Respectfully Submitted,

                                                           WILLIAM T. NEARY
                                                           UNITED STATES TRUSTEE

                                                           */s/ Erin Marie Schmidt*
                                                           Erin Marie Schmidt
                                                           Trial Attorney

Texas State Bar No. 24033042
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
Erin.Schmidt2@usdoj.gov
(214) 767-1075

## Certificate of Conference

I certify that on January 20, 2021, I conferred with Debtor's counsel Eric Liepins via email, who informed me that Debtor agrees to the relief requested in this motion.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt

## Certificate of Service

I certify that I sent copies of the foregoing document on January 20, 2021 to the following parties via ECF.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt

Herman A. Lusky
5473 Blair Rd.
Dallas, TX 75231
mail@lusky.com

Jarom Joseph Yates
Haynes and Boone, LLP
2323 Victory Ave.
Dallas, TX 75219
jarom.yates@haynesboone.com

Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207
Laurie.Spindler@lgbs.com

Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Rd., Suite 1100
Dallas, TX 75251
eric@ealpc.com

E. Stuart Phillips
Texas Attorney General's Office
P.O. Box 12548
MC 110-1A
Austin, TX 78711-2548
bk-sphillips@oag.texas.gov